(Pleito No. 102.—Fallado el 1º de Diciembre de 1900.)

## GORDILS contra MEDINA.

RECURSO contra sentencia dictada por la Corte de Distrito
de San Juan.

EMBARGO. Los bienes de la esposa difunta no son responsables de las deudas
del esposo difunto, y no pueden embargarse y ejecutarse por tal concepto
sin probar que los bienes de ambos fueron confundidos por haberlos
aceptado ambos los herederos.

### SENTENCIA.

En la ciudad de San Juan de Puerto Rico, á primero

de Diciembre de mil novecientos, en el recurso de casación por infracción de ley establecido por ¡el Letrado Don Rafael López Landrón, en representación de la Sucesión de Don Gil Gordils contra la sentencia de treinta de Abril del año actual, dictada por el Tribunal de Distrito de San Juan, en incidente sobre nulidad de actuaciones judiciales en diligencias sobre ejecución de sentencia, en cuyo incidente han sido partes los herederos de Don Gil Gordils, representados por el Letrado Don Rafael López Landrón, y Doña Rafaela Medina de Velarde, Don Gervasio, Doña Isabel, Doña María, Doña Marina y Doña Dolores Medina y Menéndez, como miembros de la Sucesión de Doña Rafaela Menéndez, representados por el Letrado Don Hilario Cuevillas Hernández.—Resultando: Que en diez y siete de Junio de mil ochocientos sesenta y cinco el Procurador Don Tomás Caballero, á nombre de Don Gil Gordils y Dalmau, presentó demanda ordinaria de mayor cuantía, que turnada correspondió al suprimido Juzgado de Catedral, de esta Capital, contra Don Gervasio de Medina Ansualde, manifestando que éste había encargado de la administración de su hacienda "Media Luna." sita en el barrio de la Bajura, término municipal de Manatí, á Don Constantino Mazzorana; que éste había contratado con la casa Rotchilds Brothers y Cª, de este domicilio, la refacción de la finca, cuya refacción tuvo lugar, liquidándose la cuenta y quedando adeudando en treinta y uno de Mayo de mil ochocientos setenta y uno un saldo á favor de Rotchilds Brothers y Cª, ascendente á once mil cincuenta y siete pesos setenta y dos centavos, con el que expresó bajo su firma el Mazzorana estar conforme; que Medina no había pagado ese saldo y que Gordils había obtenido la cesión del mismo á su favor, por valor recibido, por lo que suplicó se condenara á Medina á pagar el saldo expresado, los intereses y las costas.—Resultando: Que seguido el pleito en dos instancias, la Sala de Justicia de la Audiencia de Puerto Rico, en discordia, dictó sentencia en diez y nueve de Febrero de mil ochocientos setenta y siete, confir-

matoria de la del Juez de 1ª Instancia, por la que se condenaba á Medina á pagar á Don Gil Gordils los once mil cincuenta y siete pesos, setenta y dos centavos, reclamados, más los intereses legales devengados desde la presentación de la demanda; y establecido recurso de casación, que no llegó á sustanciarse, quedó firme la sentencia, procediéndose á su cumplimiento.—Resultando : Que en las diligencias para dicho cumplimiento se embargó en primero de Septiembre de mil ochocientos setenta y nueve la hacienda "Media Luna," sita en el término municipal de Manatí, con sus fábricas y pertenencias, útiles y animales, habiéndose admitido en dos de Septiembre de dicho año por el propio Juez de Catedral demanda de tercería de dominio sobre los bienes embargados, establecida por el Procurador Baldorioty á nombre de Doña Rafaela Menéndez contra Don Gil Gordils y Don Gervasio de Medina, y suspendiéndose la tramitación del cumplimiento de la ejecutoria.—Resultando: Que la tercería interpuesta por Doña Rafaela Menéndez fué declarada ejecutoriamente con lugar, así como que la hacienda "Media Luna" y sus anexidades correspondían en plena propiedad y dominio á Doña Rafaela Menéndez, esposa de Don Gervasio de Medina; y que habiendo disminuído el valor de la hacienda "Media Luna" al ser entregada á su dueña citada, demandó ésta á Medina y á Don Gil Gordils para que le pagasen el déficit resultante cuyo pleito está aun pendiente.—Resultando: Que muertos ya Don Gil Gordils en Diciembre de mil ochocientos noventa y seis, Doña Rafaela Menéndez en Noviembre de mil ochocientos noventa y siete, y Don Gervasio de Medina en Enero de mil ochocientos noventa y nueve, la Sucesión del primero con fecha veinte y siete de Marzo del último año citado acudió al Juzgado de San Francisco, solicitando se alzara el embargo existente sobre los bienes que fueron objeto de la tercería de Doña Rafaela Menéndez, ó sea sobre la hacienda "Media Luna," sus pertenencias y anexos, y que en su lugar se embargaran otros bienes del deudor, que oportunamente designaría,

y acordado de conformidad, fueron embargados en trece de Abril siguiente, como de la propiedad de la Sucesión de Don Gervasio de Medina y Doña Rafaela Menéndez, una participación ó condominio en la fábrica de hielo de la Marina de esta Ciudad, por valor de dos mil quinientos pesos, y cincuenta acciones del Banco Español de esta Isla; que á solicitud de la mencionada sucesión Gordils se decretó en el mismo día el embargo de las rentas de la hacienda "Media Luna", como de la sucesión Medina, cuya diligencia se llevó á efecto; que á instancia de la propia sucesión Gordils se acordó en veinte y seis del mismo Abril el embargo de una póliza de seguro sobre la vida de Don Gervasio de Medina en la New York Life Insurance Company, como así se hizo al siguiente día; y que por haberse establecido varias tercerías de dominio sobre los bienes embargados, pidió la repetida sucesión Gordils se ampliasen los embargos á otros bienes que señalaría, y decretado de conformidad por providencia de trece de Julio del año próximo pasado, fué designada la hacienda "Media Luna", en la que se trabó el embargo con fecha veinte y dos del mismo Julio; habiendo actuado en el procedimiento como Juez hasta el catorce de Abril el Letrado Don Jesús Mª Rossy, quien en esa fecha se abstuvo de seguir conociendo en el mismo por haber sido parte en los autos su padre el procurador Don José Manuel Rossy, en representación de Don Gervasio de Medina, sustituyendo entonces á dicho Juez Letrado el Abogado Don Antonio Moreno Calderón.—Resultando: Que suprimidos por la Orden General número 118, de mil ochocientos noventa y nueve, los Juzgados de 1ª Instancia y creados los Tribunales de Distrito, correspondió al de San Juan la sustanciación del procedimiento, y ante dicho Tribunal presentó en veinte y ocho de Agosto del mismo año el Procurador Don José Palacios á nombre de la Sucesión de Doña Rafaela Menéndez, compuesta de Doña Rafaela Medina, viuda de Velarde, Doña Isabel, Don Gervasio, Doña María, Doña Marina y Doña Dolores Medina y Menéndez, incidente de nulidad, alegando como hechos los que cons-

tan en los resultandos 1º, 2º, 3º y 4º de esta sentencia, y manifestando además que fallecida Doña Rafaela Menéndez, bajo disposicion testamentaria, se dividió la herencia, señalando al viudo su porción en usufructo de bienes determinados; que la hacienda "Media Luna" fué adjudicada á los herederos, con exclusión del viudo, é inscritas las adjudicaciones en el Registro de la Propiedad de Arecibo, no recibiendo Don Gervasio la más mínima parte de las pertenencias de aquella hacienda; que fallecido Medina, solicitó la Sucesión Gordils se alzara el embargo de la Hacienda "Media Luna" y se hiciera la traba en otros bienes del deudor Don Gervasio de Medina, que designaría oportunamente; que el embargo quedó así alzado de hecho, cuando ya lo estaba de derecho por la ejecutoria que había declarado que la hacienda era de la propiedad de Doña Rafaela Menéndez; que la Sucesión Gordils, al solicitar el desembargo de la hacienda "Media Luna," pidió el embargo de otros bienes del deudor, que designaría, por que reconocía que la hacienda "Media Luna" no era del deudor Medina, sino de su esposa Doña Rafaela; que se embargó entonces lo que pareció á la Sucesión Gordils que la de Doña Rafaela Menéndez tenía en la fábrica de hielo, con varias acciones del Banco Español, propiedad de Doña Isabel Medina de Alvarado, Doña Rafaela Medina, viuda de Velarde, Don Gervasio Medina Menéndez, Doña María Medina de Vasconi y Doña Dolores Medina Menéndez; se embargaron después las rentas de la hacienda citada, y por último la misma hacienda y una póliza de seguro de vida; que después de decretar embargos el Juez Don Jesús Mª Rossy, que conocía de los autos, notó que era hijo del Procurador Don José Manuel Rossy, que había intervenido en los autos y entonces se inhibió de su conocimiento, sucediéndole el Letrado Don Antonio Moreno Calderón; que por ocultar el Escribano los autos no pudo la parte enterarse de lo que en ellos se hacía, y por ello se vió precisada á establecer tercerías para defender los bienes; y como fundamentos legales,

expuso que, aunque las tercerías tienen por objeto libertar los bienes que ilegalmente han sido embargados, si los embargos se han realizado bajo conceptos engañosos y mandado practicar por Jueces que no podían ejercer el cargo, entonces sobre los embargos se cierne la palabra nulidad con arreglo al artículo 4? del Código Civil; que el deudor de Gordils era Medina, y no siéndolo la Sucesión de Doña Rafaela Menéndez, ni individualmente ni en conjunto, no han podido embargarse bienes pertenecientes á las personas de sus hijos, manifestándose al hacerlo que eran realmente de esas personas, puesto que el embargo se pidió y se concedió sólo sobre bienes de Don Gervasio de Medina y no contra bienes de la Sucesión Menéndez; que los bienes al ser embargados eran de la Sucesión Menéndez, y declarándolo así la parte actora, resulta nulo lo actuado; que la sentencia del Tribunal Supremo de España de treinta de Noviembre de mil ochocientos sesenta y cinco prohibe embargar bienes que consten en el Registro ó en otro centro á nombre de otras personas diferentes de la ejecutada; que podría decirse que los herederos representan al causante y que le sustituyen en sus derechos y obligaciones, pero es preciso probar que tales personas son realmente herederas, pues sólo un hecho real, no una ficción, puede ser fundamento de serias obligaciones; que si la Sucesión Gordils hubiese ejercitado el derecho que le da el artículo 496 de la Ley de Enjuiciamiento Civil, habría visto que en veinte y cinco de Mayo de mil ochocientos noventa y nueve acudieron los hijos y nietos de Don Gervasio de Medina ante un Notario público de Madrid, utilizando el artículo 989 del Código Civil, y declarando que repudiaban la herencia de su padre y abuelo respectivamente; que los representados del Procurador Palacios no constituyen la Sucesión de Don Gervasio de Medina, y así está admitido y consentido por la Sucesión Gordils, pues promovidos juicios de tercería contra la Sucesión de Gordils y de Medina, pidió la Sucesión que se citase á la Sucesión Medina por edictos por ser desconocida, y así se hizo, guardando silencio la Sucesión

Gordils; que los apremios no pueden comenzar en la forma que ha comenzado el de autos, pues no se puede despechar una ejecución sin un título, que en este caso la parte ni lo presenta ni lo ofrece; que es ilegal el que un Juez conozca del asunto en que es su padre Procurador y que el otro Juez que intervino era menor de edad y ambos han realizado actos contrarios á la legalidad; que los incidentes de nulidad son admisibles siempre que tengan relación con el asunto principal ó con la validez de su procedimiento, según el artículo 741 de la Ley de Enjuiciamiento Civil; que son partes en todos los juicios las personas perjudicadas por providencias dictadas en los mismos; que los incidentes de nulidad de autos ó actuaciones que exigen un procedimiento especial y previo, llevan consigo la suspensión de los juicios en que se establecen, según el artículo 744 de la ley citada; que la declaración de nulidad apareja la declaración de daños y perjuicios, y que el litigante temerario debe ser condenado en las costas; por todo lo cual. solicitó se declararan nulos todos los embargos practicados, con las costas, suspendiéndose el juicio y reservándosele su derecho para ejercitarlo contra quien le conviniera, y por otro escrito adicional solicitó la suspensión de las tercerías que tenía promovidas, por entender que dicha suspensión debe alcanzar á las tercerías lo mismo que al juicio principal.—Resultando: Que contestando el Letrado Don Rafael López Landrón, en representación de la Sucesión Gordils, el precedente escrito, se opuso á los hechos relacionados por el Procurador Palacios, y exponiendo los que creyó ciertos, hizo historia del crédito origen del embargo y alegó que los herederos de Doña Rafaela Menéndez y Don Gervasio de Medina eran los mismos, por cuanto los herederos de la Menéndez habían aceptado la herencia de Medina tácita y simplemente, practicando actos que no pudieron realizar sino con el carácter de herederos, sin que la repudiación de la herencia de Medina, después de su aceptación, pueda tener eficacia legal; que los bienes que habían sido de Doña Rafaela Menéndez

eran ya de los herederos de Medina, quienes eran responsables con todos sus haberes de la deuda contraída por su padre; que en el procedimiento de apremio de que se trata sólo podían tener entrada los ejecutantes y los ejecutados, y no los intrusos terceristas, herederos de Doña Rafaela Menéndez; que la jurisdicción de los Jueces que actuaron en el procedimiento ha sido reconocida por las partes, sin protesta de ninguna clase; que la Sucesión Gordils, al embargar las acciones y derechos que poseyera Doña Rafaela Menéndez sobre la fábrica de hielo, las acciones del Banco Español, de los herederos de Medina, y la póliza de seguro de vida de Medina, lo hizo en · el concepto de que, siendo gananciales esos bienes, estaban sujetos á responder en su totalidad á las cargas matrimoniales de los consortes Medina Menéndez, debiendo, además, responder los aceptantes de la herencia de Medina, de las deudas de éste con cualesquiera bienes que poseyeran, como también debía responder la hacienda "Media Luna" por idéntica razón, aunque hubiera sido declarada por sentencia ejecutoria de la propiedad de Doña Rafaela Menéndez; que en incidente de nulidad de actuaciones no podían resolverse cuestiones de propiedad, como la que entrañaba el promovido por la Sucesión Menéndez, pues esas cuestiones exigían las formalidades amplias de un juicio de tercería, á cuya vía ya había acudido la Sucesión Menéndez: é invocando los artículos 740 y siguientes de la Ley de Enjuiciamiento Civil y los 1,530 y sucesivos de la misma ley, la sentencia del Tribunal Supremo de Justicia de treinta de Noviembre de mil ochocientos sesenta y cinco, citada por la parte contraria, solicitó se declarara sin lugar el incidente con las costas á la parte promovente.—Resultando: Que abierto á prueba el incidente y practicadas las oportunas, el Tribunal del Distrito de San Juan dictó sentencia en treinta de Abril del año actual, declarando sin lugar el incidente en cuanto á los embargos de las acciones del Banco Español y de la fábrica de hielo y póliza de seguro de vida, y con lugar respecto al de la hacienda "Media Luna", de la jurisdicción de Manatí,

y sus rentas, mandando alzar ese embargo, con reserva á las partes del ejercicio del derecho de dominio sobre los bienes objeto del incidente para el juicio ordinario de tercería que corresponda, sin especial condena de costas.—Resultando: Que contra esa sentencia interpuso la Sucesión Gordils recurso de casación por quebrantamiento de forma y por infracción de ley, declarado ya sin lugar el primero por resolución de veinte y cuatro de Agosto último y autorizado el segundo por los artículos 1,687 caso 1º, 1,688, 1,689 y 1,690 de la Ley de Enjuiciamiento Civil, en sus casos 1º, 2º, 3º, 4º, 5º y 7º, alegándose como motivos los siguientes: 1º Infracción de la sentencia del Tribunal Supremo de Justicia de España de treinta de Noviembre de mil ochocientos sesenta y cinco, por cuanto á pesar de que prohibe hacerlo, se ha tramitado como incidente de nulidad la reclamación de bienes embargados que se consideran como de terceras personas, habiéndose infringido, además, por la misma razón el artículo 1,530 de la Ley de Enjuiciamiento Civil.—2º Infracción de los artículos 999, incisos 1º y 3º y 1,003 del Código Civil, porque aceptada pura y simplemente de una manera tácita, sin beneficio de inventario, por los herederos de Don Gervasio Medina la herencia de éste, se declara que no están obligados aquéllos á responder de las deudas de Medina con sus bienes propios habidos de su madre Doña Rafaela Menéndez, como lo son la hacienda "Media Luna" y sus rentas, mandadas desembargar inmediatamente.—3º Infracción de ley, que no se cita, porque á pesar de que el promovente de la incidencia pide tan sólo en la súplica de su demanda la nulidad de todos los embargos practicados, la Sala sentenciadora entra también á resolver la nulidad de las providencias que accedieron al embargo de bienes, lo que constituye incongruencia.—4º Porque habiendo pedido la Sucesión Menéndez solamente la nulidad de los embargos, se le concede más de lo que había pedido, esto es, la nulidad de las providencias de embargo ya consentidas.—5º Porque el fallo no contiene declaración sobre

ser parte legítima la Sucesión Medina ejecutada.—6º Porque la sentencia en su parte dispositiva contiene disposiciones contradictorias, pues á la vez que declara con lugar el incidente para el desembargo inmediato de la hacienda "Media Luna" y sus rentas, decidiendo así la cuestión de propiedad de esa finca, á favor de los terceristas, reserva á las partes sus derechos de tercería sobre los bienes de que se ocupa el incidente.—7º Porque el fallo es contrario á la cosa juzgada por providencia firme de treinta y uno de Julio de mil ochocientos noventa y nueve, que declaró no ser parte en los autos principales de apremio la representación de los terceristas, como así se alegó oportunamente; habiéndose cometido además error de hecho y de derecho en la apreciación de los límites y alcances de la ejecutoria de este Tribunal Supremo, en cuanto sin resolver la falta de personalidad de la Sucesión Menéndez, tercerista, dejó su resolución á la Corte del Distrito de San Juan para cuando se dictara fallo definitivo en el incidente de nulidad de los embargos.—8º Contravención á lo dispuesto por dicha ejecutoria al decidir recurso de queja contra negativa de admisión de recurso de casación por quebrantamiento de forma.—9º Error de hecho y de derecho en la apreciación de los alcances de la manifestación sobre dominio de la Hacienda "Media Luna," que hizo la sucesión Gordils por medio de otrosí en sus escritos de contestación á las diferentes tercerías.—10º Contradicción con la cosa juzgada en las providencias que negaron la reducción de los embargos á los terrenos de la Hacienda "Media Luna," cuyas providencias fueron consentidas.— 11º Contravención á la doctrina de derecho concerniente á que los incidentes de nulidad son indivisibles y no caben sino por quebrantamiento de formas esenciales del juicio.— 12º Otras infracciones de fondo que se fundarían y explanarían ante la Corte Suprema.—Visto, siendo ponente el Juez Asociado Don José C. Hernández. — Considerando: Que la sentencia recurrida en la parte que es materia del recurso, se limita á declarar con lugar el incidente de nuli-

dad propuesto, en cuanto hace relación á la hacienda "Media Luna" y sus rentas, cuyo embargo se manda alzar con reserva á las partes del ejercicio del derecho de dominio sobre los bienes de que se ocupa el incidente para el juicio ordinario de tercería que corresponde; siendo el fundamento esencial de tal resolución, el que habiéndose embargado la mencionada Hacienda, que por sentencia ejecutoria y por conformidad de las partes es de la propiedad de Doña Rafaela Menéndez, en el concepto de que la sucesión de ésta está obligada á responder con sus bienes propios de las deudas de su padre Don Gervasio de Medina, por haber aceptado pura y simplemente la herencia del mismo, adquiriendo así los herederos de la Menéndez la condición jurídica de herederos de Medina, resulta basado el embargo en un supuesto que está por resolver, pues no es posible reputar los bienes de la sucesión Menéndez como afectos á las responsabilidades de la sucesión Medina mientras no se acredite en forma haberse confundido ambas entidades en una sola por medio de la aceptación de la herencia de Medina, que es precisamente la cuestión de fondo que quedaría indebidamente prejuzgada, si prevaleciese el embargo trabado sobre la repetida hacienda.— Considerando por lo que se deja expuesto: Que la sentencia recurrida no resuelve punto alguno de dominio ó de mejor derecho que deba ventilarse en juicio de tercería, pues aquélla no declara que la hacienda "Media Luna" sea de la propiedad de la Sucesión Menéndez, sino que acepta y respeta la ejecutoria que con audiencia de Don Gil Gordils y de Don Gervasio de Medina resolvió que la hacienda "Media Luna" era de la propiedad de Doña Rafaela Menéndez, siendo hoy consiguientemente de su sucesión, como así tiene que reconocerlo la Sucesión Gordils, y lo reconoció de hecho al pedir que se levantara el embargo de dicha hacienda para dar cumplimiento á la expresada ejecutoria, si bien instó luego su reembargo en el concepto de que la Sucesión Medina, que era la misma Sucesión Menéndez, estaba obligada á responder también con el valor de aquella finca de las

deudas de Medina cuya herencia había aceptado, no resolviendo tampoco la sentencia recurrida que la Sucesión Menéndez esté libre ó no de responder de las deudas de su padre, pues esa cuestión se reserva íntegra para el juicio correspondiente; por todo lo cual es obvio que no se han infringido la sentencia del Tribunal Supremo de Justicia de España de treinta de Noviembre de mil ochocientos setenta y cinco y el artículo 1,530 de la Ley de Enjuiciamiento Civil que se invocan en el primer motivo del recurso, y que por no guardar relación con la parte dispositiva de la resolución recurrida, ni con el fundamento esencial de la misma, son impertinentes al caso.—Considerando á mayor abundamiento: Que no habiéndose embargado la hacienda "Media Luna" lisa y llanamente como de la Sucesión Medina, lo cual era imposible pretender, por existir una ejecutoria que declaraba ser de la propiedad y dominio de Doña Rafaela Menéndez, y por tanto hoy de su sucesión, sino en el concepto de que se habían confundido en unas mismas personas los caracteres de herederos de Medina y de la Menéndez, quedando obligada la Sucesión Medina Menéndez á responder de las deudas de su padre con cualesquiera bienes que tuviera, ya fueran de Medina, ya de la Menéndez, es claro que la Sucesión Menéndez, aunque negara ser Sucesión de Medina, fué llamada y traída al juicio por la Sucesión Gordils como parte obligada y ejecutada, y en ese juicio, en el estado en que se encontraba, pudo alegar respecto á la nulidad del embargo de la hacienda "Media Luna" y sus rentas cuanto estimare conveniente á su derecho, sin tener que acudir á un juicio de tercería que la ley reserva á los que tienen el carácter de terceros, que no lo son en el presente caso los herederos de Doña Rafaela Menéndez, como así lo estimó este Tribunal Supremo en su sentencia de veinte y cuatro de Agosto último al declarar sin lugar el recurso de casación por quebrantamiento de forma, en cuanto se fundaba en la falta de citación y emplazamiento de la Sucesión de Don Gervasio de Medina, por la razón de

que la hacienda "Media Luna" y demás bienes que son objeto del incidente fueron embargados á la Sucesión Medina Menéndez como parte ejecutada, y el incidente se había sustanciado con las personas que en sentir de la Sucesión Gordils, recurrente, constituían por confusión la Sucesión Medina Menéndez.—Considerando: Que en apoyo de la anterior doctrina viene el artículo 1,452 de la Ley de Enjuiciamiento Civil, al disponer que el acreedor podrá concurrir á los embargos y designar los bienes del deudor en que hayan de causarse, pues ese precepto autoriza ciertamente el embargo de cualesquiera bienes en el concepto de que pertenezcan á la parte ejecutada ú obligada, pero no si son de otra personalidad jurídica distinta que se repute obligada sin constar que lo sea; siendo aplicables en el primer caso para el alzamiento del embargo las disposiciones relativas al juicio de tercería de dominio, siempre que un tercero lo reclame sobre los bienes embargados, mas no al segundo caso en que la persona que sufre el embargo no tiene el carácter de tercero sino de parte obligada ó ejecutada, como sucede con el embargo de la hacienda "Media Luna" y sus rentas, decretado en procedimiento de apremio seguido contra la Sucesión de Don Gervasio de Medina, en el que la Sucesión de Menéndez por reputarse Sucesión de Medina sin justificación previa de tal extremo, ha sido traída á los autos como parte obligada á responder de las deudas de Medina.—Considerando: Que tampoco pueden estimarse infringidos los artículos 999, incisos 1º y 3º, 1,003 del Código Civil, que se invocan en el segundo motivo del recurso, pues la sentencia no contiene declaración alguna sobre si la Sucesión Menéndez está obligada ó no á pagar con los bienes habidos de su madre las deudas de su padre Don Gervasio Medina, sino que exige que antes de compeler por la vía de apremio á los hijos de Doña Rafaela Menéndez al cumplimiento de las obligaciones contraídas por su padre, alegando como alegan con presentación de documento público haber repudiado su herencia, se les

oiga y venza en el correspondiente juicio, contra cuya apreciación no se cita por la parte recurrente ley ó doctrina legal violada; que respecto del 3? y 4? motivo en que se funda el recurso la sentencia guarda congruencia con la demanda en que se promovió el incidente y no otorga más de lo pedido, pues la declaración de nulidad del embargo de la hacienda "Media Luna" tiene que envolver la de nulidad de todas las actuaciones concernientes á dicho embargo; que no existe la contradicción apuntada en el motivo 6?, pues con la reserva de derechos nada se resuelve, según repetidamente lo tiene declarado el Tribunal Supremo de España, siendo por tanto inadmisible tal motivo; que tampoco es procedente el 7?, por cuanto la excepción de cosa juzgada no fué alegada oportunamente en la forma correspondiente, ni por tanto cabe discutirla en casación; y que por lo que atañe á los motivos 5?, 8?, 9?, 10?, 11? y 12? no se cita con precisión y claridad la ley ó doctrina legal infringida, según prescribe el artículo 1,718 de la Ley de Enjuiciamiento Civil, y falta en su consecuencia base legal para discutir en casación tales motivos.—Considerando: Que en mérito de las razones que se dejan consignadas, es de desestimarse el presente recurso por todos los motivos en que se funda. Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación interpuesto por la Sucesión Gordils contra la sentencia del Tribunal del Distrito de San Juan, con las costas á cargo de la parte recurrente; y con devolución de los autos recibidos, comuníquese esta resolución á dicho Tribunal á los efectos consiguientes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José M.ª Figueras.—Rafael Nieto Abeillé.—Juan Hernández López·—Thomas D. Mott.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal

en el día de hoy, de que como Secretario certifico, en Puerto Rico, á primero de Diciembre de mil novecientos.—E. de J. López Gaztambide, *Secretario.*